**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **TIMMY R. ANTOINE** | **CIVIL ACTION NO. 05-1652-LC** |
| **VS.** | **SECTION P** |
| **WARDEN, DIXON CORRECTIONAL INSTITUTE** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Timmy R. Antoine on August 11, 2005.[1] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is presently incarcerated at the Dixon Correctional Institute, Jackson, Louisiana, where he is serving sentences totaling fifteen years imposed following his 1988 felony convictions and habitual offender adjudications in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

**STATEMENT OF THE CASE**

The petition, accompanying exhibits, and the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. Sometime prior to January 20, 1988, petitioner pled guilty to nine counts of distribution of cocaine in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. On

---

[1] Petitioner filed his *habeas corpus* petition in the United States District Court for the Middle District of Louisiana on August 31, 2005. It was subsequently transferred to this court on September 19, 2005. However, petitioner signed his original petition on August 11, 2005. The "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Plaintiff signed his pleadings on August 11, 2005. Therefore, the court assumes that this was the earliest date that the petitioner could have presented his pleadings to the authorities for mailing.

January 20, 1988, he was adjudicated an habitual offender and sentenced to serve multiple concurrent fifteen year sentences. [Doc. 1-1, p. 1; Doc. 1-3, p. 3].

2. Petitioner was released on parole on January 21, 1998. On January 30, 2003, his parole was revoked and he was again taken into custody. [Doc. 1-3, p. 6].

3. On August 25, 2003, petitioner filed a motion for the production of the transcripts of his plea and sentencing hearings. [*id*.] On September 2, 2003, his motion was granted. [Doc. 1-3, p. 2]. At some point thereafter, petitioner received a copy of the minutes of court for January 20, 1988. [See Doc. 1-3, p. 3].

4. Sometime between September 2, 2003 and April 23, 2004, petitioner filed a *pro se* Motion to Vacate and Correct an Illegal Sentence in the Fourteenth Judicial District Court. Petitioner argued that his sentence was illegal because the trial court failed to vacate the original sentences prior to imposing the habitual offender sentence and failed to advise petitioner of the prescriptive period for filing an application for post-conviction relief. [Doc. 1-3, pp. 5-13].

5. On April 23, 2004, petitioner filed a Mandamus action in the Third Circuit Court of Appeals; therein he alleged that the district court had failed to act on his Motion to Vacate and Correct an Illegal Sentence. [Doc. 1-3, pp. 15-21; Doc. 1-4, p. 1]. On June 14, 2004, the Third Circuit directed the district court to rule on petitioner's motion. See *State of Louisiana v. Timmy R. Antoine*, KH 04-00534 (La. App. 3d Cir. 7/14/2004). [Doc. 1-4, p. 2].

6. Meanwhile, on May 14, 2004, the district court denied petitioner's Motion to Vacate. [Doc. 1-3, p. 14].

7. On July 15, 2004, petitioner filed an Application for Supervisory Writs in the Third Circuit Court of Appeals. [Doc. 1-4, pp. 4-12]. On September 3, 2004, the Third Circuit denied writs. [*State of Louisiana v. Timmy R. Antoine*, KH 04-00949 (La. App. 3d Cir. 9/3/2004); Doc. 1-4, p. 3].

8. On September 17, 2004, petitioner filed a writ application in the Louisiana Supreme Court. [Doc. 1-4, pp. 13-18]. On June 24, 2005, the Supreme Court, citing LSA C.Cr.P. art. 930.8, *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; *State v. Parker*, 98-0256, (La. 5/8/98), 711 So.2d 694; La. C.Cr.P. art. 930.3; and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172, denied relief. See *State ex rel. Timmy R. Antoine v. State of Louisiana*, 2004-2577 (La. 6/24/05), 904 So.2d 737. [See also slip opinion, Doc. 1-4, p. 19].

9. As shown above, petitioner signed, and thus filed his federal petition on August 11, 2005. He argued the following claims for relief:

"Ground One – The State failed to prove at Multiple Hearing proceedings that I was the same individual convicted in 9/30/1981, Case #11517-81." and,

"Ground Two – The District Court failed to advise petitioner of his post-conviction filing

prescriptive period." and,

"Ground Three – Ineffective Assistance of Counsel..." See Doc. 1-1, pp. 4-5.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is

---

[2]Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from those events mentioned in subsections (B) or (C) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition.; nor does he suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Finally, he does not explicitly claim that the factual predicate of his claim was only recently discovered, however, to the extent that he might imply the recent discovery of the factual predicate of his claim, such a claim would be without a basis in law or fact.
    28 U.S.C. § 2244(d)(1)(D) provides that the one-year limitations period may be reckoned from "...the date on which the factual predicate of the claim or claims presented <u>could have been discovered through the exercise of due diligence</u>..." To the extent that petitioner relies upon the date upon which he received the court minutes of his conviction and sentencing as the date of reckoning, such a claim is manifestly without merit. Petitioner did not even request those documents until August, 2003, some fifteen years after his sentence was imposed. Petitioner cannot seriously claim that he exercised "due diligence" as required by the statute.

3

counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at §2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Antoine, whose convictions were final[3] prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores*, *supra*. If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

As noted above, petitioner's judgment of conviction and sentence became final sometime in 1988. Since his conviction became final prior to the April, 1996 effective date of the AEDPA, petitioner must be afforded the one-year grace period. Therefore, petitioner had until April, 1997 within which to file his federal *habeas corpus* petition. The evidence submitted establishes that

---

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. Thus, petitioner's judgment of conviction and sentence became final when the delays for seeking a direct appeal lapsed.

petitioner did not successfully toll the limitations period prior to expiration of the one-year grace period. Petitioner did not commence his post-conviction litigation until sometime in late 2003, and by that time his claims were long prescribed. In order to successfully toll the one-year grace period, petitioner would have had to file this pleading prior to the expiration of the grace period. He clearly did not.

Further, petitioner's post-conviction pleadings were determined by the Louisiana Supreme Court to be untimely under Louisiana law. See *State ex rel. Timmy R. Antoine v. State of Louisiana*, 2004-2577 (La. 6/24/05), 904 So.2d 737. Among other things, the Supreme Court cited La. C.Cr.P. art. 930.8 as interpreted by *State ex rel. Glover v. State, supra*, as grounds for dismissal. Art. 930.8 provides a two-year limitations period for the filing of applications for post-conviction relief; the two-year period is reckoned from the date of finality of judgment. *Glover* stands for the proposition that untimely applications may be dismissed as such by an appellate court even if the lower court considered the merits of the claim.

Recent developments in United States Supreme Court jurisprudence remove any doubt concerning the timeliness of petitioner's *habeas* petition. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under Louisiana law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, — U.S. —, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of February, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE